UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOHN BALDWIN, JR.,

    Plaintiff,

        v.                                     CAUSE NO. 3:20-CV-123-JD-MGG

JOSHUA ISAAC, et al.,

    Defendants.

OPINION AND ORDER

John Baldwin, Jr., a prisoner proceeding without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 2.) Pursuant to 28 U.S.C. § 1915A, the court must screen the complaint to determine whether it states a claim for relief. The court must bear in mind that "[a] document filed *pro se* is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citation omitted).

The complaint arises from events occurring on or about December 1, 2019, at Miami Correctional Facility. Baldwin claims that on that date, while he was housed in the restricted housing unit, he got into a "verbal altercation" with Officer Rife (first name unknown) in his cell. Baldwin acknowledges that he "assaulted" Officer Rife with "fecal matter." As a result, Officer Rife told him to "cuff up." Baldwin acknowledges that he "continued to refuse Officer Rife's orders." After making "multiple attempts to get Baldwin to comply with orders," Officer Rife sprayed him with pepper spray. He then left the area.

A few minutes later, Sergeant Joshua Isaac and Officer Josh Hatfield arrived at Baldwin's cell. Sergeant Isaac ordered Baldwin to cuff up, and Baldwin complied by

placing both of his hands through the cuff port. Sergeant Isaac then secured Baldwin's left wrist with restraints. At that point, Sergeant Isaac allegedly "grabbed ahold of the lead strap . . . and violently yanked on it, causing Baldwin's entire body to be slammed into the inside of his cell door." This caused an injury to Baldwin's wrist that required stitches to close. The officers then secured the restraints and waited for the cell door to open so they could take Baldwin to the shower. Baldwin claims that before the cell door was completely open, Sergeant Isaac "flew into a violent rage" and pulled Baldwin's body out of the cell, slamming him into the cell door across the hall. Sergeant Isaac then used the strap on the restraints to lift Baldwin's "entire body" off the ground and drag him to the shower. Once in the shower, Baldwin claims that Sergeant Isaac slammed him into the shower wall, causing him to fall and Sergeant Isaac to land on top of him. As a result of this incident, Baldwin claims to have received emergency medical treatment for a dislocated shoulder and other injuries. Based on these events, he sues Sergeant Isaac and Officer Hatfield, seeking monetary damages.

The "core requirement" for an Eighth Amendment excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* Here, Baldwin describes a difficult situation with an admittedly non-compliant inmate. However, giving him the inferences to which he is entitled at this stage, he alleges that

2

Sergeant Isaac used more force than was necessary to secure the hand restraints, and that, after he was restrained, Sergeant Isaac inflicted gratuitous injuries on him by throwing him into a cell door and a shower wall. As a result, he suffered a dislocated shoulder and other injuries. Further factual development may show that the use of force was not unreasonable under the circumstances, but Baldwin has alleged enough to plead past the pleading stage against this defendant.

As for Officer Hatfield, Baldwin alleges that this officer "simply stood by" as Sergeant Isaac engaged in a "malicious" and "sadistic[]" attack on him. A prison staff member "can be held liable under § 1983 if [he] (1) had reason to know that a fellow officer was using excessive force or committing a constitutional violation, and (2) had a realistic opportunity to intervene to prevent the act from occurring." *Lewis v. Downey*, 581 F.3d 467, 472 (7th Cir. 2009). Giving Baldwin the inferences to which he is entitled at this stage, he has alleged a plausible claim that Officer Hatfield had a realistic opportunity to intervene to stop Sergeant Isaac's use of excessive force, as these events appear to have unfolded over the course of several minutes in different areas of the prison. He will be permitted to proceed against this defendant.

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Sergeant Joshua Isaac and Officer Josh Hatfield in their personal capacity on a claim for monetary damages for using excessive force against the plaintiff on or about December 1, 2019, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

3

(3) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Sergeant Joshua Isaac and Officer Josh Hatfield, and to send them a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

(4) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of any defendant who does not waive service;

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Sergeant Joshua Isaac and Officer Josh Hatfield to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on June 30, 2020

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT