UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOHN BALDWIN, JR.,<br><br>    Plaintiff,<br><br>        v.<br><br>JOSHUA ISAAC, et al.,<br><br>    Defendants. | CAUSE NO. 3:20-CV-123-JD-MGG |

OPINION AND ORDER

John Baldwin, Jr., a prisoner without a lawyer, filed a motion for a temporary restraining order. (ECF 17.) In this case, Mr. Baldwin is proceeding on a claim for monetary damages against Sergeant Joshua Isaac and Officer Josh Hatfield based on an incident occurring on December 1, 2019, at Miami Correctional Facility ("MCF"). (ECF 6.) He claims that the officers used excessive force against him when escorting him to the shower after he threw feces on another officer. (*Id.*) The defendants waived service, and their answer is due on August 31, 2020. (ECF 9; ECF 10.)

In the present motion, Mr. Baldwin asserts that other officers at MCF have been harassing him in recent weeks; he believes this to be because of this lawsuit. (ECF 17.) Specifically, he claims that unnamed officers have been "doing malicious and sadistic things to the plaintiff's meals," refusing him showers and recreation time, and "losing" his mail and other personal property. He requests that a restraining order, presumably prohibiting any type of harassment, be entered "against all defendants in above case." (*Id.* at 1.)

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). To obtain a preliminary injunction, the moving party must show (1) he will suffer irreparable harm before the final resolution of his claims; (2) available remedies at law are inadequate; and (3) he has a likelihood of success on the merits. *See BBL, Inc. v. City of Angola*, 809 F.3d 317, 323–24 (7th Cir. 2015).

Here, Mr. Baldwin's motion seeks relief that is outside the scope of this case, which pertains only to the actions of Sergeant Isaac and Officer Hatfield on December 1, 2019. He was not granted leave to proceed on a claim for injunctive relief, and he makes no specific allegations about anything the defendants are currently doing that places him in danger. To the extent he has concerns about the recent actions of individuals who are not parties to this lawsuit, such a claim must be brought in a separate lawsuit against those individuals, or against the Warden in his official capacity for injunctive relief. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). The present filing is styled as a motion, and it is not clear that Mr. Baldwin wishes to proceed with a separate lawsuit in light of the filing fee requirements and other restrictions imposed by the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b), (g). Therefore, the court declines to construe this filing as a new lawsuit, but Mr. Baldwin is free to file one should he wish to do so. Nevertheless, because his allegations are concerning, a copy of the motion and this order will be sent to the Warden at MCF.

For these reasons, the court:

(1) DENIES the motion (ECF 17); and

(2) DIRECTS the clerk to send a copy of the motion (ECF 17) and this order to the Warden of the Miami Correctional Facility.

SO ORDERED on August 28, 2020

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT